# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

DIAN BOWER,                )
                           )
      Plaintiff,    )
                           )
vs.                        )   Case No. CIV-16-308-M
                           )
DONLEY-KIRLIN JOINT VENTURE, )
                           )
      Defendant.    )

## **ORDER**

This case is scheduled for trial on the Court's February 2017 trial docket.

Before the Court is defendant's Motion for Summary Judgment, filed December 1, 2016. On December 22, 2016, plaintiff filed her response, and on December 29, 2016, defendant filed its reply. Based upon the parties' submissions, the Court makes its determination.

I.    Background

On August 31, 2015, a Monday, shortly before 9:00 a.m., plaintiff, while taking a smoke break, tripped over orange construction netting that had protruded approximately two feet into a walkway on the premises of Reynolds Army Community Hospital.[1] The netting caught plaintiff's foot and flipped her into the construction area. She suffered serious injuries, necessitating a five-day hospital stay where multiple surgeries were performed to repair compound fractures of plaintiff's left tibia and fibula.

---

[1] Plaintiff was employed as a budget analyst at Reynolds Army Community Hospital on the day of the incident.

The construction netting surrounded a construction area adjacent to the smoking enclosure.[2] Plaintiff states that although she was aware that construction netting had been in place adjacent to the sidewalk, she had not previously seen any part of the netting protruding into the walkway. Defendant states that on the Friday immediately prior to the Monday morning incident, it inspected the applicable construction site and found no safety hazards that day and that no safety hazards were reported to it prior to the incident on August 31, 2015. Plaintiff surmises the hazardous condition, i.e., the protrusion of the netting onto the sidewalk, occurred when a thunderstorm blew through the area over the weekend.

On December 14, 2015, plaintiff filed the instant action. Plaintiff alleges that defendant failed to properly maintain the construction netting and/or failed to remove or warn of the associated hazard. Defendant now moves for summary judgment on all claims asserted against it.[3]

## II. Summary Judgment Standard

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving

---

[2] Defendant is not the owner or operator of the property at which plaintiff was injured. Defendant was a contractor hired to work on the premises.

[3] While it appears that plaintiff is also bringing a negligence claim for failure to properly maintain the construction netting, in its motion for summary judgment, defendant solely addresses the premises liability claim for failure to remove or warn of the hazard of the fallen construction netting.

2

party." *19 Solid Waste Dep't Mechs. v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts. Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

III.   Discussion

In order to establish actionable negligence, a plaintiff must show: (1) the existence of a duty on the part of the defendant to protect the plaintiff from injury; (2) defendant breached that duty; and (3) injury to the plaintiff proximately resulted from the breach of duty. *See Scott v. Archon Grp., L.P.*, 191 P.3d 1207, 1211 (Okla. 2008). Further, to an invitee, an occupier of land owes the "duty of exercising reasonable care to keep the premises in a reasonably safe condition for the reception of the visitor." *Pickens v. Tulsa Metro. Ministry*, 951 P.2d 1079, 1083-84 (Okla. 1997). However,

> the law does not require that the [occupier] protect the invitee against dangers which are so apparent and readily observable that one would reasonably expect them to be discovered. In other words, a [possessor] owes to an invitee . . . a duty to protect him from conditions which are in the nature of hidden dangers, traps, snares and the like. A hidden danger within this rule of liability need not be totally or partially obscured from vision or withdrawn from sight; the phrase is used to described a condition presenting a deceptively innocent appearance of safety which cloaks a reality of danger. . . . Whether harm from an open and obvious defect is actionable depends on an objective standard of due care – i.e., whether under similar or

>like circumstances an ordinary prudent person would have been able
>to see the defect in time to avoid being injured.

*Id.* at 1084 (internal quotations and citations omitted).

Defendant asserts that the construction netting was open and obvious and, therefore, it owed no duty to plaintiff. Specifically, defendant contends that plaintiff's own admissions establish that she was familiar with the orange construction netting and had knowledge of its presence. Defendant further contends that plaintiff was able to clearly observe the netting, and the fact it protruded onto the sidewalk, immediately after she fell and admits there is no reason she did not see it prior to her fall. Finally, defendant contends that if plaintiff did not see the bright orange netting prior to her fall, reasonable people would agree it is because of plaintiff's own inattentiveness.

Plaintiff asserts that the hazard posed by the construction netting was not open and obvious.[4,5] Specifically, plaintiff contends that she was unaware of the danger presented by the construction netting. Plaintiff further contends the fact she was familiar with the netting in its usual location, off the sidewalk, gave the netting a deceptively innocent appearance. Plaintiff asserts that because she was accustomed to seeing the orange netting adjacent to the sidewalk, her brain did not alert her to a foreign object in her path. Plaintiff, therefore, contends that the danger the netting posed was not apparent to her at the time of her injury.

---

[4]Plaintiff also asserts that Oklahoma law does not extend the "open and obvious" defense to contractors. While plaintiff's assertion appears to be correct in relation to her negligence claim for failure to properly maintain the construction netting, said assertion is not applicable to plaintiff's premises liability claim.

[5]Plaintiff also asserts that defendant owed her a duty regardless of whether the hazard was open and obvious based upon *Wood v. Mercedes-Benz of Okla. City*, 336 P.3d 457 (Okla. 2014). The Court finds the facts of this case do not fit within the narrow exception created in *Wood* as plaintiff was on a smoke break from work and, thus, it would not be likely that she would "proceed through the dangerous condition in furtherance of [her] employment." *Wood*, 336 P.3d at 460.

4

Having carefully reviewed the parties' submissions, and viewing the evidence in the light most favorable to plaintiff and viewing all reasonable inferences in plaintiff's favor, the Court finds that there is sufficient evidence to create a genuine issue of material fact as to whether the danger posed by the construction netting was open and obvious. Specifically, the Court finds that reasonable people could differ as to whether under similar or like circumstances an ordinary prudent person would have been able to see the hazard posed by the construction netting in time to avoid being injured. The Court, therefore, finds the issue of the open and obvious nature of the hazard posed by the construction netting must be resolved by the trier of fact. Accordingly, the Court finds that summary judgment should not be granted in favor of defendant on this basis.

Defendant also asserts that it did not have actual or constructive notice of the alleged hazard in time to effect its removal or warn plaintiff of its presence. Specifically, defendant contends that it inspects its construction sites daily and that on the Friday prior to the incident, no hazards were observed and on the day of the incident, it had no reports of a hazardous condition prior to plaintiff's fall. Defendant further contends that plaintiff has presented no evidence that it can be charged with either actual or constructive knowledge of the alleged hazard.

Plaintiff contends that defendant installed the construction netting in a manner that allowed it to slide down onto the walkway. Plaintiff further contends that defendant does not dispute that a heavy thunderstorm hit Fort Sill over the weekend prior to the incident and does not dispute that the netting fell as a result of that thunderstorm. Plaintiff asserts that there is sufficient evidence showing that defendant should have noticed the netting had slid down the posts and was lying on the sidewalk.

An occupier of land "cannot be held responsible unless it be shown that he/she had notice or could be charged with gaining knowledge of the condition in time sufficient to effect its removal or to give warning of its presence." *Rogers v. Hennessee*, 602 P.2d 1033, 1035 (Okla. 1979). Having carefully reviewed the parties' submissions, and viewing the evidence in the light most favorable to plaintiff and viewing all reasonable inferences in plaintiff's favor, the Court finds that there is sufficient evidence to create a genuine issue of material fact as to whether defendant had actual or constructive knowledge of the alleged hazard caused by the construction netting. Because a couple of days had passed since defendant had inspected the construction site and because a thunderstorm occurred over the weekend, the Court finds that reasonable people could find that defendant should have known of the hazard caused by the construction netting by the time of plaintiff's fall. Accordingly, the Court finds that defendant is not entitled to summary judgment on this basis.

IV.     Conclusion

For the reasons set forth above, the Court DENIES defendant's Motion for Summary Judgment [docket no. 15].

**IT IS SO ORDERED this 10th day of January, 2017.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE